IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-816C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in the first and second sentences of paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining

allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6. Admits the remaining allegations contained in paragraph 6 to the extent supported by Task Order 35, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the Olin Partnership is a subcontractor of Grunley Walsh, LLC.

8. Denies the allegations contained in the first sentence of paragraph 8. Avers that the drawings upon which Task Order 35 was based were prepared by Grunley-Walsh or a subcontractor of Grunley-Walsh. Denies the allegation contained in the second sentence of paragraph 8 that the work was "NIC;" admits the remaining allegations contained in the second

sentence of paragraph 8. Denies that the illustrations below paragraph 8 are excerpts from any drawings issued or created by the National Park Service.

9. The allegations contained in paragraph 9 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the October 18, 2006 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10. The allegations contained in the third sentence of paragraph 10 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Denies the allegation contained in paragraph 13 that drawings issued on August 4, 2003 depicted a Visitor's Center in the location of the Monument Lodge for lack of knowledge or information sufficient to form a belief as to their truth. Avers that no drawings were issued by the National Park Service on August 4, 2003. Avers the remaining allegations contained in

paragraph 13. Denies that the illustrations below paragraph 13 are excerpts from any drawings issued or created by the National Park Service.

14. Denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14.

15. Denies the allegations contained in the first sentence of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that no drawings were issued by the National Park Service on November 25, 2003. Denies the allegations in the second sentence of paragraph 15 as to what plaintiff "understood," for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations contained in paragraph 15 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise, denies the remaining allegations contained in paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent supported by the June 1, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 16. Denies the allegations contained in the second sentence of paragraph 16.

17. Denies the allegations contained in paragraph 17 that the National Park Service issued a "directive;" admits the remaining allegations contained in paragraph 17 to the extent supported by the June 22, 2004 letter cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the second and third sentences of paragraph 18 to the extent supported

by the September 16, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the September 22, 2004 letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first and second sentences of paragraph 20 to the extent supported by the October 20, 2004 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 20. Denies the allegations contained in the third sentence of paragraph 20.

21. Denies the allegations contained in the first sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the National Park Service did not issue any drawings on May 10, 2005. Admits the remaining allegations contained in paragraph 21 to the extent supported by the drawings cited, which are the best evidence of their contents; otherwise, denies the remaining allegations contained in paragraph 21.

22. Denies the allegation contained in the first sentence of paragraph 22 that revised drawings were issued on June 2, 2005, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remaining allegations contained in the first sentence of paragraph 22 to the extent supported by the drawings cited, which are the best evidence of their contents; otherwise, denies the remaining allegations contained in paragraph 22. Avers that the National Park Service did not issue any drawings on June 3, 2005. Denies the allegation contained in the third sentence of paragraph 22 that Grunley-Walsh completed work in

accordance with these drawings for lack of knowledge or information sufficient to form a belief as to their truth; admits the remaining allegations contained in the third sentence of paragraph 22.

23. Denies the allegation contained in the first sentence of paragraph 23 that the work constituted "change work." Admits the remaining allegations contained in the first sentence of paragraph 23 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 23. Admits the allegations contained in the third sentence of paragraph 23 to the extent supported by Modification 9, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 23.

24. Denies the allegation contained in the first sentence of paragraph 24 that the work constituted "change work." Admits the remaining allegations contained in the first sentence of paragraph 24 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second and third sentences of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the Certified Claim cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. The allegations contained in paragraph 28 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 29, or to any relief whatsoever.

31. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

32. Plaintiff's claims are totally or partially barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

33. Plaintiff’s claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

January 30, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle